This is a contest of a will by three of testator's five adult children on the grounds that testator was mentally incompetent and the will was the result of undue influence, exercised by his son, Leo, the principal beneficiary therein. Trial was by jury and, at the close of contestants' proofs, the court denied a motion to direct a verdict sustaining the will. The jury disallowed the will and the court denied a motion to enter judgment, notwithstanding the verdict, sustaining the will. Proponents also moved for a new trial, which was denied
The will was executed May 25, 1939, when testator was 83 years of age. For many years testator had operated a hardware store in Detroit but had disposed of the same to the son, Leo. His wife died December 30, 1938, and testator lived with his son Leo, over the store, and spent his time sitting in the store when it was open for trade. Some time before the will was executed the son, Leo, notified a lawyer in Detroit that his father wanted to make a will. The lawyer called at the store, obtained from Leo the details of what was wanted, returned to his office, drew up the will and then left it at the store; later he was notified the father was ready to execute the instrument. He called again, explained the provisions of the will to testator and, upon his expressing satisfaction therewith, it was duly executed. The will bequeathed $5 to each of his children, except Leo, and devised the residue and remainder of his estate to Leo.
At the trial witnesses in behalf of contestants testified that testator was forgetful; that he would *Page 660 
ask the same questions over again and had difficulty in recognizing people with whom he was well acquainted; while witnesses for proponent testified that he appeared the same as he had for many years and was able to carry on an intelligent conversation. One of the daughters of testator, who signed the notice of contest and was a witness in behalf of contestants, testified on cross-examination:
"Q. You joined with the other petitioners here in the objections to the will and you signed that, didn't you? You signed the objection to the will?
"A. Yes.
"Q. In there does that not say your father was mentally incompetent?
"A. No, sir, I said he was forgetful.
"Q. Well, now, if it is in that bill that your father was mentally incompetent, would that be true or false?
"A. No, I didn't say that.
"Q. I say would it be true or false?
"A. It would be false."
This witness visited testator once a week and chatted with him and was in a position to form an opinion as to his mental competency.
Upon the question of undue influence, considering the situation of testator and his son Leo living together, there was opportunity, of course, for its exercise, but mere opportunity is not sufficient. In re Alvord's Estate, 258 Mich. 497.
We held in Re Kenney's Estate, 250 Mich. 289 (syllabus):
"Proof of circumstances affording opportunity to exercise undue influence, standing alone, is insufficient to establish undue influence."
We find no evidence of undue influence exercised by Leo over his father in the execution of the will. *Page 661 
The fact that the attorney who prepared the will had performed some other small services for Leo had no bearing upon the question of undue influence. On account of the age and physical weakness of testator the fact that Leo called the lawyer for him and stated what his father wanted in the will, supplemented by the fact that the will, when so drawn, met his father's entire approval, had no bearing upon the question of undue influence exercised by Leo.
A reading of the record leads us to appreciate the resentment of the daughter when confronted with the allegation in the notice of contest that her father was mentally incompetent to execute a will. The burden was on contestants to establish either mental incompetency or undue influence, as alleged. Under the evidence in behalf of contestants this burden was not met by them and the court, at the close of contestants' proofs, should have directed a verdict sustaining the will or, at least, entered judgment sustaining the will notwithstanding the verdict.
The judgment is reversed and the case remanded to the circuit court for entry of judgment sustaining the will. Proponent will recover costs.
CHANDLER, C.J., and BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. *Page 662